JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:10-cv-00183-JHN-DTBx | Date | March 17, 2010 |
|---|---|---|---|
| Title | Bank of America National Association v. Norma Chaidez et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER REMANDING CASE TO SAN BERNARDINO SUPERIOR COURT (In Chambers)

On February 10, 2010, Defendants removed this action to federal court from the San Bernardino Superior Court. However, the jurisdictional allegations appear defective.

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). However, the Court may remand a case to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987). Here, although Defendants allege that the claims arise under federal law, the Complaint's only cause of action is for unlawful detainer in violation of California Code of Civil Procedure § 1174(b). (Notice of Removal, Ex. 1, Compl. 2.) No federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading. Therefore, no federal question jurisdiction exists.

Under 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). First, neither the Complaint nor the Notice of Removal alleges the citizenship of the parties. Without an allegation as to citizenship, Defendants cannot meet their burden of establishing diversity. Second, although the Notice of Removal claims the amount in controversy exceeds $75,000, the Complaint specifically states that the amount demanded does not exceed $10,000. (Notice of Removal, Ex. 1, Compl. 1.) Defendants present no basis for why the amount-in-controversy requirement is met. For these reasons, no diversity

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:10-cv-00183-JHN-DTBx | Date | March 17, 2010 |
|---|---|---|---|
| Title | Bank of America National Association v. Norma Chaidez et al | | |

jurisdiction exists.

Ultimately, because no federal question or diversity jurisdiction exists, Defendants fail to meet their burden of establishing federal jurisdiction. Accordingly, the Court hereby REMANDS this matter to the San Bernardino Superior Court.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |